ERIC L. WEBB
**WEBB & BEECHER**
6253 Hollywood Boulevard, Suite 203
Los Angeles, California  90028
Telephone:  (323) 462-3736
Facsimile:   (323) 462-3732
Email:  ewebb@elwlaw.com
Attorneys for Plaintiff
JOHN K. GALLE

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN K. GALLE;<br><br>                    Plaintiff,<br><br>           v.<br><br>UNITED STATES OF AMERICA; CENTRAL PENINSULA GENERAL HOSPITAL, INC. dba CENTRAL PENINSULA HOSPITAL; DWIGHT E. GURLEY, M.D.; MICHAEL G. MULLOWNEY, M.D.; and JESSE J. KINCAID, M.D.,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

For his complaint, Plaintiff John K. Galle ("Plaintiff" or "Galle"), by and through counsel Eric L Webb, alleges as follows:

## **PARTIES AND JURISDICTION**

1.      Plaintiff is a United States Marine Corps veteran residing and domiciled in the State of Alaska.

2.      This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

3.      Defendant the UNITED STATES OF AMERICA (the "Government" or the

1

"VA" or the "United States") operates the Department of Veterans Affairs medical facility at the Veterans Administration Kenai Community Based Outpatient Clinic. Plaintiff submitted a timely administrative claim on February 11, 2016 to the Department of Veterans Affairs within the Government based on the facts alleged herein pertaining to the United States. More than six months have passed since the submission of that claim, which has been neither admitted nor denied. Accordingly, the claim is deemed denied, pursuant to 26 U.S.C. § 2675.

4. Defendant CENTRAL PENINSULA GENERAL HOSPITAL, INC. dba CENTRAL PENINSULA HOSPITAL ("Central Peninsula Hospital"), is a medical care facility open to the general public and located in Soldotna, Alaska.

5. Defendant DWIGHT E. GURLEY, M.D. ("Gurley") is a physician duly licensed to practice medicine in the State of Alaska, and at all times relevant has been and continues to be an individual residing and practicing in the State of Alaska, and who has held himself out to possess that degree of skill, ability, and learning as a physician and/or internist accepted as standard in his respective community, as well as being skilled, careful and diligent in the practice of dispensing medicine. Gurley provided medical care and treatment to Plaintiff at the Central Peninsula Hospital.

6. Defendant MICHAEL G. MULLOWNEY, M.D. ("Mullowney") is a physician duly licensed to practice medicine in the State of Alaska, and at all times relevant has been and continues to be an individual residing and practicing in the State of Alaska, and who has held himself out to possess that degree of skill, ability, and learning as a physician and/or internist accepted as standard in his respective community, as well as being skilled, careful and diligent in the practice of dispensing medicine. Mullowney provided medical care and treatment to Plaintiff at the Central Peninsula Hospital.

7. Defendant JESSE J. KINCAID, M.D. ("Kincaid") is a physician duly licensed to practice medicine in the State of Alaska, and at all times relevant has been and continues to be an individual residing and practicing in the State of Alaska, and who has held himself out to possess that degree of skill, ability, and learning as a physician and/or radiologist accepted as standard in

2

his respective community, as well as being skilled, careful and diligent in the practice of dispensing medicine. Kincaid provided medical care and treatment to Plaintiff at the Central Peninsula Hospital.

8. Central Peninsula Hospital, Gurley, Mullowney, and Kincaid, shall collectively be referred to as the "Hospital Defendants".

9. This action is timely as against the Hospital Defendants, as it is brought within two years of the time that Plaintiff did discover (and could have reasonably discovered) his claim for damages as against the Hospital Defendants. Indeed, it was not until the United States related in September 2016 that the Hospital Defendants had been negligent and the bases for said negligence and responsibility for Plaintiff's injuries, that Plaintiff became aware of Hospital Defendants' culpability.

10. The United States and the Hospital Defendants shall collectively be referred to as "Defendants".

## AGENCY

10. At all times relevant, each of the Hospital Defendants, named and fictitiously named, was and is the agent, partner, employee, co-venturer, and/or co-conspirator of each of the remaining Hospital Defendants and, in doing the things alleged herein acted within the scope, course, purpose, consent, knowledge, ratification, and/or authorization of such agency, partnership, employment, joint venture, and/or conspiracy.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to United States Constitution, Article III, Section 2, Subdivision 2, and Title 28 United States Code § 1346(b) (Federal Tort Claims Act).

12. Venue is proper in the District Court for the District of Alaska pursuant to 28 U.S.C. § 1391(e)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## COMMON ALLEGATIONS

13. As a result of Defendants' below described medical malpractice and negligence, Plaintiff is now effectively paralyzed from the waist area down, spends his days in a wheelchair, had to be catheterized, is incontinent, and can only shuffle a short distance with the assistance of a walker before effectively collapsing or needing to return to his wheelchair. Plaintiff's quality of life is less than zero and he is suffering on a daily basis from serious medical conditions as a result of the errors and omissions of Defendants.

14. On or about May 24, 2014, Plaintiff, who was then 54 years old, underwent a bypass procedure for a clogged artery in his left leg, which included an incision in his groin area.

15. While Plaintiff's groin area incision was healing post-surgery, his stitches split open. Plaintiff's physicians made the decision to not re-stitch the area to allow the area to heal on its own. At first, Plaintiff was monitored on a nearly daily basis by the wound clinic at the Central Peninsula Hospital.

16. As the healing progressed, monitoring of the wound was transferred to the VA Kenai Community Based Outpatient Clinic ("Kenai Clinic"), where Plaintiff would be seen every few weeks to check for signs of infection. The Kenai Clinic is operated by the United States.

17. At first, Plaintiff's wound was healing fine. However, on August 5, 2014, Plaintiff presented at the Kenai Clinic showing early signs of the wound being infected (ultimately, the infected wound turned into an infected abscess that compressed Plaintiff's spinal cord and resulted in his current state of severe paralysis). The United States failed to properly evaluate, diagnose, or treat Plaintiff for his medical conditions.

18. On August 8, 2014, Plaintiff returned to the Kenai Clinic with obvious signs of infection requiring emergency care. Once again, the United States failed to properly evaluate, diagnose, or treat Plaintiff for his medical conditions.

19. On August 12, 2014, Plaintiff returned to the Kenai Clinic. This time the United States recognized the wound as infected. Plaintiff was directed by the United States to

4

*Galle v. USA, et al.*
Complaint
Case 3:16-cv-00238-HRH   Document 1   Filed 10/12/16   Page 4 of 11

immediately go seek medical care at the Central Peninsula Hospital.

20. Plaintiff presented to the Central Peninsula Hospital on August 12, 2014. Later that evening, under the care of the Hospital Defendants, Plaintiff began to show signs of paralysis. The next day, Plaintiff's condition worsened as the paralysis continued to set in. It was not until August 14, 2014, that the Hospital Defendants finally (and untimely) diagnosed Plaintiff's condition and sent him for emergency surgery. By then, however, the damage had been done and Plaintiff was (and is) permanently paralyzed.

21. But for the negligent acts and/or omissions of Defendants, Plaintiff would not be paralyzed today or otherwise be suffering from the effects of his August 2014 infection.

22. Plaintiff alleges that the United States and the Central Peninsula Hospital were directly and vicariously liable for the negligence of their employees/agents, who were acting within the course and scope of their employment/agency. United States and the Central Peninsula Hospital, by and through its employees/agents, have a duty to take all necessary and reasonable steps to ensure that its patients, including Plaintiff, receive appropriate and proper medical care. This duty includes the responsibility to take all reasonable and necessary steps to ensure that proper diagnosis and treatment procedures take place.

23. Defendants owed a duty to Plaintiff to: (a) have the degree of learning and skill ordinarily possessed by practitioners of the medical profession in the same or a similar locality, under similar circumstances; (b) to use the same degree of skill and care usually exercised by practitioners for the medical profession in the same or similar locality, under similar circumstances; and (c) use reasonable diligence in the application of Defendants' learning and skill, including but not limited to treating and providing medical services to Plaintiff within an acceptable standard of medical care within the medical community.

24. Plaintiff alleges that Defendants and Defendants' employees/agents did not have the degree of knowledge or skill possessed by practitioners of the medical profession in the same or similar locality under similar circumstances or utilize the degree of care ordinarily exercised under the circumstances by health care providers in the field or specialty in which Defendants

5

*Galle v. USA, et al.*
Complaint

Case 3:16-cv-00238-HRH Document 1 Filed 10/12/16 Page 5 of 11

were practicing; and that as a proximate result of this lack of knowledge or skill or the failure to exercise an appropriate degree of care, Plaintiff suffered injuries that would not otherwise have been incurred. Moreover, Defendants' diagnosis, care and treatment of Plaintiff has been below the applicable standard of care and lacking of the proper degree of knowledge, skill, and care ordinarily exercised by members of the relevant medical community. Defendants breached the applicable standard of care by failing to timely diagnose and treat Plaintiff's infection and resulting epidural abscess that resulted in his paralysis, among other injuries.

25. As a direct and proximate result of the above negligent, careless, and/or improper acts and/or omissions by Defendants and the Defendants' breach of the applicable standard of medical care owed to Plaintiff, Plaintiff has suffered and/or incurred: (a) conscious pain and suffering in the past and will suffer conscious pain and suffering into the future; (b) loss of past and future earnings; (c) medical expenses in the past and Plaintiff will incur future medical expenses/living expenses; (d) mental anguish, humiliation, anxiety, sleeplessness, loss of enjoyment of life; (e) permanent physical injuries; (f) permanent disability; (g) loss of earning capacity; and (h) Plaintiff is required to undergo additional medical procedures, as well as other damages to be proved at time of trial, but in any event, in excess of, but not less than, $10,000,000.00.

26. As a direct and proximate result of the above negligent, careless, and/or improper acts and/or omissions by Defendants and the Defendants' breach of the applicable standard of medical care owed to Plaintiff, Plaintiff has experienced permanent severe injury and disfigurement, including paralysis affecting Plaintiff's mobility, bodily function, appearance, health and happiness.

27. Based upon the matters alleged herein above and below, Defendants are liable to Plaintiff.

6

*Galle v. USA, et al.*
Complaint

Case 3:16-cv-00238-HRH   Document 1   Filed 10/12/16   Page 6 of 11

## FIRST CAUSE OF ACTION

### (Negligence – Medical Malpractice against All Defendants)

28. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 through 27 above as though fully set forth herein.

29. Defendants owed a duty to Plaintiff to: (a) have the degree of learning and skill ordinarily possessed by practitioners of the medical profession in the same or a similar locality, under similar circumstances; (b) to use the same degree of skill and care usually exercised by practitioners for the medical profession in the same or similar locality, under similar circumstances; and (c) use reasonable diligence in the application of Defendants' learning and skill, including but not limited to treating and providing medical services to Plaintiff within an acceptable standard of medical care within the medical community.

30. Plaintiff alleges that Defendants and Defendants' employees/agents did not have the degree of knowledge or skill possessed or utilize the degree of care ordinarily exercised under the circumstances, by health care providers in the field or specialty in which Defendants were practicing; and that as a proximate result of this lack of knowledge or skill or the failure to exercise an appropriate degree of care the Plaintiff suffered injuries that Plaintiff would not otherwise have incurred. Moreover, Defendants' diagnosis, care and treatment of Plaintiff has been below the applicable standard of care and lacking of the proper degree of knowledge, skill, and care ordinarily exercised by members of the relevant medical community. Defendants breached the applicable standard of care by failing to timely diagnose and treat Plaintiff's infection and resulting epidural abscess that resulted in Plaintiff's paralysis, among other injuries.

31. As a direct and proximate result of the above negligent, careless, and/or improper acts and/or omissions by Defendants and the Defendants' breach of the applicable standard of medical care owed to Plaintiff, Plaintiff has suffered and/or incurred: (a) conscious pain and suffering in the past and Plaintiff will suffer conscious pain and suffering into the future; (b) loss of earnings; (c) medical expenses in the past and Plaintiff will incur future medical

expenses/living expenses; (d) mental anguish, humiliation, anxiety, sleeplessness, loss of enjoyment of life; (e) permanent physical injuries; (f) permanent disability; (g) loss of earning capacity; and (h) Plaintiff is required to undergo additional medical procedures, as well as other damages to be proved at time of trial, but in any event, in excess of, but not less than, $10,000,000.00.

32. As a direct and proximate result of the above negligent, careless, and/or improper acts and/or omissions by Defendants and the Defendants' breach of the applicable standard of medical care owed to Plaintiff, Plaintiff has experienced permanent severe injury and disfigurement, including paralysis affecting Plaintiff's mobility, body function, appearance, health and happiness.

33. Based upon the forgoing, Defendants are liable to Plaintiff.

## SECOND CAUSE OF ACTION

**(Negligence And Vicarious Liability – Against The United States**

**And The Central Peninsula Hospital)**

34. Plaintiff realleges and incorporates herein the allegations in paragraphs 1 through 33 above as though fully set forth herein.

35. Plaintiff alleges that the United States and the Central Peninsula Hospital were directly and vicariously liable for the negligence of their employees/agents, who were acting within the course and scope of their employment/agency. United States and the Central Peninsula Hospital, by and through its employees/agents, have a duty to take all necessary and reasonable steps to ensure that its patients, including Plaintiff, receive appropriate and proper medical care. This duty includes the responsibility to take all reasonable and necessary steps to ensure that proper diagnosis and treatment procedures take place.

36. The United States and the Central Peninsula Hospital owed a duty, through its employees and agents, to Plaintiff to: (a) have the degree of learning and skill ordinarily possessed by practitioners of the medical profession in the same or a similar locality, under similar circumstances; (b) to use the same degree of skill and care usually exercised by

8

*Galle v. USA, et al.*
Complaint

Case 3:16-cv-00238-HRH   Document 1   Filed 10/12/16   Page 8 of 11

practitioners for the medical profession in the same or similar locality, under similar circumstances; and (c) use reasonable diligence in the application of Defendants' learning and skill, including but not limited to treating and providing medical services to Plaintiff within an acceptable standard of medical care within the medical community.

37. Plaintiff alleges that the United States' and the Central Peninsula Hospital's employees/agents did not have the degree of knowledge or skill possessed or utilize the degree of care ordinarily exercised under the circumstances by health care providers in the field or specialty in which Defendants were practicing; and that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the Plaintiff suffered injuries that would not otherwise have been incurred. Moreover, the United States' and the Central Peninsula Hospital's diagnosis, care and treatment of Plaintiff have been below the applicable standard of care and lack the proper degree of knowledge, skill, and care ordinarily exercised by members of the relevant medical community. The United States' and the Central Peninsula Hospital employees and agents breached the applicable standard of care by failing to timely diagnose and treat Plaintiff's infection and resulting epidural abscess that resulted in his paralysis, among other injuries.

38. As a direct and proximate result of the above negligent, careless, and/or improper acts and/or omissions by the United States and the Central Peninsula Hospital's employees and agents in breach of the applicable standard of medical care owed to Plaintiff, Plaintiff has suffered and/or incurred: (a) conscious pain and suffering in the past and Plaintiff will suffer conscious pain and suffering into the future; (b) loss of earnings; (c) medical expenses in the past and Plaintiff will incur future medical expenses/living expenses; (d) mental anguish, humiliation, anxiety, sleeplessness, loss of enjoyment of life; (e) permanent physical injuries; (f) permanent disability; (g) loss of earning capacity; and (h) Plaintiff is required to undergo additional medical procedures, as well as other damages to be proved at time of trial, but in any event, in excess of, but not less than, $10,000,000.00.

39. As a direct and proximate result of the above stated negligent, careless, and/or

improper acts and/or omissions by the United States and the Central Peninsula Hospital's employees and agents and their breach of the applicable standard of medical care owed to Plaintiff, Plaintiff has experienced permanent severe injury and disfigurement, including paralysis affecting Plaintiff's mobility, body function, appearance, health and happiness.

40. Based upon the matters alleged herein above and below, the United States and the Central Peninsula Hospital are liable to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court to order judgment in his favor and against Defendants as follows:

1. For general, compensatory, consequential, and special damages, according to proof at time of trial, but in excess of $10,000,000.00;

2. For non-economic damages according to proof at the time of trial, including but not limited to compensation for loss of enjoyment of life, loss of use of bodily function, pain and suffering, and for severe permanent physical impairment and disfigurement, including paralysis affecting Plaintiff's mobility, body function, appearance, health and happiness;

3. Lost wages, according to proof at time of trial;

4. Loss of earning capacity;

5. Past and future medical expenses;

6. As permitted by law, for costs of suit;

7. As permitted by law, for reasonable attorney fees.

8. As permitted by law, for prejudgment and post judgment interest at the statutory rate; and

9. For such other and further relief as the court may deem proper, just and reasonable.

## DEMAND OF JURY TRIAL

      Plaintiff hereby also demands trial by jury of any and all issues subject to trial by jury and also as against any and all Defendants other than the United States. Plaintiff recognizes that his claims against the United States are not subject to trial by jury.

Dated: October 10, 2016                      Respectfully Submitted,

                                              **WEBB & BEECHER**

By:                                         
      Eric L. Webb
      WEBB & BEECHER
      6253 Hollywood Boulevard, Suite 203
      Los Angeles, California 90028
      Phone: (323) 462-3736
      Fax: (323) 462-3732
      Email: ewebb@elwlaw.com
      ABA No. 1609071